1  CRAIG B. WHITNEY (SB# 217673)
   cwhitney@mofo.com
2  MORRISON & FOERSTER LLP
   250 West 55th Street
3  New York, NY 10019
   Telephone: (212) 468-8000
4  Facsimile: (212) 468-7900

5  Attorneys for Plaintiff
   FAST PAY PARTNERS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FAST PAY PARTNERS LLC, | Case No. 2:15-CV-01705 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| BILL.COM, INC., | (1) Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a)) |
| Defendant. | (2) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) |
| | (3) False Advertising (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) |
| | (4) Common Law Trademark Infringement |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Fast Pay Partners LLC ("FastPay"), for its complaint against defendant Bill.com, Inc. ("Bill.com"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Bill.com transacts business within this district and offers for sale in this district services under a designation that infringes FastPay's trademarks. In addition, FastPay's principal place of business is in this district, FastPay has suffered harm in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff FastPay is a limited liability company organized under the laws of Delaware, with its principal place of business at 9300 Wilshire Blvd., Suite 500, Beverly Hills, California 90212.

4. On information and belief, Defendant Bill.com is a corporation organized under the laws of Delaware, with its principal place of business at 1810 Embarcadero Road, Palo Alto, California 94303.

## GENERAL ALLEGATIONS

### History of FastPay and the FAST PAY Trademarks

5. FastPay was founded in 2009 to provide financial solutions to small and medium-sized digital businesses. FastPay believed that commercial banks did not fully understand Internet-based businesses and were therefore reluctant to provide credit to that sector, leaving digital businesses with few financing options other than raising equity.

6. As a result, FastPay became an innovator and market leader in invoice financing to and payable automation for digital media companies. FastPay provides

a comprehensive portfolio of financial products and services under the "Fast Pay" name, including invoice finance and workflow solutions designed specifically for global media to operate and scale their businesses more efficiently.

7. Using its "Fast Pay" name and logo (the "FAST PAY Trademarks") continuously since its inception, FastPay provides a service to digital businesses to increase their cash flow, either through financing accounts receivables, obtaining commercial loans, implementing accelerated payment platforms or other financial workflow solutions.

8. FastPay has provided its services to hundreds of customers in the United States and abroad. FastPay uses its FAST PAY Trademarks in virtually all customer communications, and FastPay's customers recognize the FAST PAY Trademarks as the source of FastPay's services and the goodwill associated therewith.

9. FastPay has originated nearly $500 million in funding to advertising agencies, data management platforms, supply-side platforms, real-time bidding ad exchanges, web publishers, creative agencies and app developers, among others.

10. In November 2014, FastPay raised an additional $15 million in equity that will be used to develop FastPay's online lending platform, build more financial technology products and double its forty-person workforce over the next eighteen months.

11. FastPay's services have also been recognized by its FAST PAY Trademarks in several trade publications and at numerous trade shows throughout the country.

12. Since 2009, FastPay has used, and continues to use, the FAST PAY Trademarks in conjunction with financial cash flow solutions to the digital media industry, including accounts receivables financing, accelerated payment platforms and commercial loans.

13. As a result of the foregoing, FastPay has acquired common law rights in the FAST PAY Trademarks.

14. In addition, FastPay has applied to register on the Principal Register of the United States Patent and Trademark Office the mark "FAST PAY" (and Design), as shown below,

[FAST PAY logo]

for "Accounts receivables financing to the digital media industry; Providing an internet website portal in the field of financial transaction and payment processing services, namely, providing financial workflow solutions, implementing accelerated payment platforms and originating commercial loans to the digital media industry via a website portal, none of the foregoing in the fields of mortgage or insurance." This application was filed on October 18, 2013 on the basis of existing use as of October 21, 2009; the application was accorded Serial No. 86/094,971. FastPay owns the mark covered by this application, the application itself and the goodwill and reputation of the services connected with and symbolized by the mark.

15. The FAST PAY Trademarks are the key to FastPay's strategy in promoting the FastPay brand. FastPay has incorporated its FAST PAY Trademarks throughout the marketing of its business. For instance, it uses the FAST PAY (and Design) mark on its company letterhead and nearly every page of its website.

### Bill.com's Use of the Fast Pay Designation

16. On information and belief, Bill.com offers financial cash flow solutions to small and medium-sized businesses and claims that its "mission is to dramatically simplify how small and mid-sized businesses pay their bills and collect payments."

17. On or around December 11, 2014, Bill.com issued a press release entitled "Bill.com Unveils New Solution to Accelerate Digitization of Payments for SMBs." In that press release, Bill.com announced the launch of its "Fast Pay" service.

18. Specifically, the press release disclosed the following:

> Bill.com, a leading company creating magically simple business payments solutions for businesses everywhere, today announced the release of Bill.com Fast Pay. **Fast Pay is a new service that enables SMBs [small and medium-sized businesses] to pay and get paid faster, allowing precise cash flow management.** Traditionally, checks and other payments take anywhere from four to ten days to be processed and delivered. This can feel like a lifetime for some businesses. **Now, with Fast Pay, customers can expedite payments when businesses need to maintain tight cash flow or make emergency payments, keeping business operations running smoothly without a break in workflow.**

19. Bill.com's "Fast Pay" service enables businesses to "get paid faster, allowing precise cash flow management." Bill.com's "Fast Pay" service, therefore, competes directly with Plaintiff's service marketed and sold under the FAST PAY Trademarks.

20. On or around January 30, 2015, after becoming aware of Bill.com's competing financial service, FastPay wrote to Bill.com demanding that Bill.com cease using the "Fast Pay" designation in connection with its financial services.

21. On or around February 17, 2015, while ignoring FastPay's demand letter, Bill.com issued yet another press release touting its new "Fast Pay" service. This time, Bill.com stated: "Bill.com, the leading company creating magically simple business payments, today announced that Accounting Today has designated the company's recently launched Bill.com Fast Pay as one of the top new products for accountants in 2015."

22. To date, Bill.com has refused to cease its use of the "Fast Pay" designation in connection with its competing financial services.

## The Likelihood of Consumer Confusion

23. Bill.com's use of an identical "Fast Pay" designation for competitive and related services is likely to cause confusion with FastPay's FAST PAY Trademarks. As set forth above, FastPay uses its FAST PAY Trademarks in connection with marketing and communications related to its financial services. When consumers encounter Bill.com's "Fast Pay" designation in connection with its nearly identical financial services, they likely will conclude that Bill.com's service is provided by or associated or affiliated with FastPay's service. Bill.com's selection of "Fast Pay" as the name for its new financial cash flow management service that is identical to part of FastPay's service cannot be a coincidence. Bill.com, on information and belief, is mimicking FastPay's distinctive name.

24. Bill.com is marketing its "Fast Pay" service to the same consumers and using the same marketing strategies as FastPay. Like FastPay, Bill.com targets small and medium-sized businesses that have a particularized need for cash flow management. Both FastPay's FAST PAY Trademarks and Bill.com's "Fast Pay" designation are for use on cash flow management services that are marketed primarily over the Internet and other trade channels to digital businesses. The

services are competitive, largely identical and offered for sale through similar channels of trade.

25. On information and belief, Bill.com knew of FastPay's prior use of its FAST PAY (and Design) mark and other trademarks using the Fast Pay name, and by adopting and using Bill.com's "Fast Pay" designation, intended to and did induce, and intend to and will induce, customers to purchase their services by trading off the extensive goodwill built up by FastPay.

26. Bill.com's unauthorized use of a designation that is identical to the name of FastPay's FAST PAY (and Design) mark and other trademarks using the Fast Pay name on directly competitive products constitutes an attempt to exploit for its own benefit FastPay's popular and well-known FAST PAY Trademarks. Bill.com's conduct is likely to cause confusion or mistake or deception, now and in the future, as to the origin, source, and sponsorship of Bill.com's services bearing the "Fast Pay" designation.

27. Bill.com's actions are likely to injure FastPay's business reputation.

28. Bill.com's unauthorized use of the FAST PAY Trademarks will result in lost sales opportunities for FastPay due to a likelihood of confusion between Bill.com's "Fast Pay" designation and the FAST PAY Trademarks.

29. Bill.com's adoption of the "Fast Pay" designation for services that compete directly with FastPay's services will also result in incalculable harm to FastPay due to confusion among the consuming public and injury to FastPay's reputation.

30. The various practices described herein threaten irreparable injury to FastPay's business and reputation with respect to its FAST PAY Trademarks.

31. Bill.com's conduct is continuing and will continue unless restrained by the Court. Unless Bill.com is enjoined from engaging in the wrongful conduct described above, FastPay will suffer irreparable injury and further harm.

## FIRST CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin – Federal Law)**

32. FastPay incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. The acts of Defendant described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. As alleged above, FastPay has used its distinctive FAST PAY Trademarks to distinguish its products and services from those offered by others. Those products and services have been distributed in the same channels of trade in which Defendant does business.

35. Defendant's use in commerce of a "Fast Pay" designation in connection with its financial services is likely to cause confusion for consumers as to the affiliation, connection or association of Defendant and FastPay or their respective products and services, or as to the origin, sponsorship or approval by FastPay of Defendant's products and services.

36. In addition, Defendant's use of the "Fast Pay" designation under the circumstances constitutes a false designation of origin of products and services.

37. With full knowledge of such falsity, Defendant has sold and continues to sell its products and services in such manner as to cause confusion or mistake among the public and to deceive the public, resulting in Defendant's profit and causing FastPay damage and injury. Defendant's above-mentioned acts constitute deliberate and intentional violations of Section 43 of the Lanham Act, and justify an award of trebled damages.

38. As a direct and proximate result of Defendant's wrongful conduct, FastPay has been damaged by Defendant's wrongful acts, and such damage will continue unless the Court enjoins Defendant's acts. FastPay has no adequate remedy at law for Defendant's continuing violation of FastPay's rights.

## SECOND CLAIM FOR RELIEF

## (Unfair Competition – California Law)

39. FastPay incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

40. The acts of Defendant described above are likely to mislead a reasonable consumer and the general public and constitute unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code §§ 17200, *et seq*.

41. The unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising of Defendant described above present a continuing threat to members of the public in that Defendant intends to promote and advertise its sale of services by wrongfully trading on the name and goodwill of FastPay's FAST PAY Trademarks.

42. As a direct and proximate result of these acts, Defendant has received and/or will receive substantial sales and profits generated from the strength of FastPay's successes, goodwill and consumer recognition—sales and profits that otherwise would belong to FastPay. Further, FastPay will be deprived of the value of, among other things, its FAST PAY Trademarks as commercial assets.

43. As a direct and proximate result of Defendant's wrongful conduct, FastPay has been injured by Defendant's wrongful acts, and such harm will continue unless the Court enjoins Defendant's acts. FastPay has no adequate remedy at law for Defendant's continuing violation of FastPay's rights.

## THIRD CLAIM FOR RELIEF

## (False Advertising – California Law)

44. FastPay incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45. The acts of Defendant described above constitute untrue and misleading advertising as defined by California Business & Professions Code §§ 17500, *et seq*.

46. The acts of untrue and misleading advertising by Defendant described above present a continuing threat to consumers and members of the public in that Defendant will misrepresent the source of its services.

47. Defendant's untrue and misleading advertising has permitted and/or will permit Defendant to make substantial sales and profits on the strength of FastPay's success, goodwill and consumer recognition—sales and profits that would otherwise belong to FastPay. Such acts will also deprive FastPay of the value of, among other things, its FAST PAY Trademarks as commercial assets.

48. As a direct and proximate result of Defendant's wrongful conduct, FastPay has been damaged by Defendant's wrongful acts, and such damage will continue unless the Court enjoins Defendant's wrongful acts. FastPay has no adequate remedy at law for Defendant's continuing violation of FastPay's rights.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

49. FastPay incorporates by reference paragraphs 1 through 48 above as though fully set forth herein.

50. In addition to the rights under the Lanham Act and state statutory law, set forth above, FastPay also has valid and existing common law rights with respect to its distinctive FAST PAY Trademarks.

51. As alleged above, FastPay has used its distinctive FAST PAY Trademarks to distinguish its products and services from those offered by others. Those products and services have been distributed in the same channels of trade in which Defendant does business.

1    52.   Defendant's use of a "Fast Pay" designation is likely to cause
2  consumer confusion with the FAST PAY Trademarks and with regard to the origin,
3  sponsorship or approval of Defendant's products and services.
4    53.   The acts of Defendant described above constitute trademark
5  infringement of FastPay's FAST PAY Trademarks in violation of FastPay's
6  common law rights.
7    54.   Defendant's wrongful acts will permit Defendant to make substantial
8  sales and profits on the strength of FastPay's success, goodwill and consumer
9  recognition.
10   55.   Defendant has engaged and continues to engage in such wrongful acts
11  knowingly and willfully.
12   56.   As a direct and proximate result of Defendant's wrongful conduct,
13  FastPay will be deprived of the value of, among other things, its FAST PAY
14  Trademarks as commercial assets.
15   57.   As a direct and proximate result of Defendant's wrongful conduct,
16  FastPay has been damaged by Defendant's wrongful acts, and such damage will
17  continue unless the Court enjoins Defendant's acts.  FastPay has no adequate
18  remedy at law for Defendant's continuing violation of FastPay's rights.

## PRAYER FOR RELIEF

WHEREFORE, FastPay prays for judgment as follows:

1.   That the Court preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendant, from using the name or designation "Fast Pay" or any other designation similar to or likely to cause confusion with FastPay's FAST PAY Trademarks, in the sale, offering for sale, distribution, advertising or promoting of financial services at any locality; from passing off Defendant's services as being associated with FastPay; from registering in its own name the "Fast Pay"

designation as a trademark; and from committing any other unfair business practices directed toward obtaining for itself the business and customers of FastPay.

2. That the Court award FastPay the profits made by Defendant and the actual damages suffered by FastPay as a result of Defendant's unlawful conduct, in an amount to be proven at trial.

3. That the Court award FastPay treble damages and enhanced profits pursuant to 15 U.S.C. § 1117(a).

4. That the Court award prejudgment interest on all amounts awarded.

5. That the Court award FastPay its costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and applicable California law.

6. That the Court grant FastPay any other remedy to which it may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under California law.

7. That the Court award such other relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, FastPay hereby demands trial by jury on all issues raised by the Complaint.

Dated: March 9, 2015                MORRISON & FOERSTER LLP

By: ___/s/ Craig B. Whitney___
Craig B. Whitney

Attorneys for Plaintiff
FAST PAY PARTNERS LLC

ny-1176632